# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30057

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

MARIO BARAZZA-CORRAL,

     Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:13-CR-315-1

Before STEWART, Chief Judge, and KING and DENNIS, Circuit Judges:

PER CURIAM:*

Mario Barazza-Corral pleaded guilty with the benefit of a plea agreement to one count of aiding and abetting the distribution of five grams or more of methamphetamine. The presentence report (PSR) assessed a base offense level of 32. After a two-level aggravating role adjustment, U.S.S.G. § 3B1.1(c), and a three-level reduction for his acceptance of responsibility, U.S.S.G. § 3E1.1, Barazza-Corral had a total offense level of 31. That score, combined with his criminal history category of I, produced an advisory

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30057

guidelines range of imprisonment for 108 to 135 months. At sentencing, the district court imposed a within-guidelines sentence of 108 months of imprisonment. Barazza-Corral did not object to the sentence imposed but timely filed a notice of appeal. On appeal, Barazza-Corral challenges the application of the aggravating role adjustment under § 3B1.1(c), and argues that he should have instead received a mitigating role adjustment.

Even though the Guidelines are advisory in light of *United States v. Booker*, 543 U.S. 220 (2005), the district court must still properly calculate the applicable guideline range before imposing a sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). As Barazza-Corral concedes, review here is for plain error in light of his failure to object below. *See United States v. Murray*, 648 F.3d 251, 256 (5th Cir. 2011). To prevail he must establish a clear or obvious error that affected his substantial rights, and this court may exercise its discretion to correct plain error only if it seriously affected the fairness, integrity, or public reputation of the judicial proceeding. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

A defendant qualifies for a two-level increase in his offense level if he was "an organizer, leader, manager or supervisor of one or more other participants." *See* § 3B1.1(c) & cmt. n.4. The PSR described telephone intercepts during which Barazza-Corral and his brother (another participant in the drug trafficking organization) "would frequently discuss the distribution of drugs," and "[his brother] would tell Barazza-Corral how much crystal methamphetamine was left to sell, and how much drug proceeds would be sent back to Barazza-Corral." Based on this evidence, the probation officer recommended finding that Barazza-Corral was a "manager/organizer in the drug trafficking organization" and therefore recommended applying the two-level adjustment. There were no objections to the PSR. At the sentencing hearing, the district court recited the PSR's Guidelines calculation, and the

statement of reasons reflects the same offense level, criminal history category, and advisory range recommended by the PSR. In this context, the district court was entitled to accept the factual assertions in the PSR as the basis for its calculation of the Guidelines and imposed sentence. *See United States v. Ochoa-Gomez*, 777 F.3d 278, 282 (5th Cir. 2015) (findings of fact may be based on information contained in the PSR).

Barazza-Corral now argues that the record does not support the district court's determination that he was a "manager/organizer."[1] We disagree. In reviewing for plain error, "we uphold offense-level enhancements 'if the record as a whole demonstrates that the adjustments did not result in a miscarriage of justice.'" *United States v. Huerta*, 182 F.3d 361, 366 (5th Cir. 1999) (quoting *United States v. Pattan*, 931 F.2d 1035, 1043 (5th Cir. 1991)). In addition to the findings specifically relied on by the PSR in support of the aggravating role adjustment, the PSR also established that Barazza-Corral was a "main supplier" of methamphetamines, and "was responsible for transporting and/or arranging for the transportation of methamphetamine." On at least one occasion, Barazza-Corral used another individual to transport methamphetamines from Texas to Louisiana and directly followed the individual during the trip. A Confidential Informant told investigators that one of the co-defendants "work[ed] for" Barazza-Corral. And, in one telephone

---

[1] Barazza-Corral also argues that the district court erred by applying the § 3B1.1(c) adjustment because the criminal activity involved five or more participants, and § 3B1.1(c) applies only where the offense involved fewer than five participants. This argument fails. Even if the district court erred by applying § 3B1.1(c), such error benefited Barazza-Corral and thus did not affect his substantial rights. If the district court had applied § 3B1.1(a) or (b)—which adjust for aggravating roles where the "the criminal activity involved five or more participants or was otherwise extensive"—Barazza-Corral would have qualified for a three- or four-level increase rather than the two-level increase he actually received. *See United States v. Rivera*, 784 F.3d 1012, 1018 (5th Cir. 2015) ("A sentencing error affects a defendant's substantial rights if he can show a reasonable probability that, but for the district court's error, he would have received a *lesser* sentence.") (internal quotation marks, alteration, and citation omitted; emphasis added).

3

No. 16-30057

intercept during which Barazza-Corral and his brother discussed that same co-defendant's failure to pay, Barazza-Corral told his brother to "put [the co-defendant] back to work" and that "they need to break [the co-defendant's] fingers so that he won't take what isn't his." Each of these factors weighs in favor of a determination that Barazza-Corral's role in the drug ring had risen to the level of a manager or organizer.

For these reasons, we conclude that the district court did not plainly err by applying the § 3B1.1(c) adjustment.[2] *See Puckett*, 556 U.S. at 135.

AFFIRMED.

---

[2] Because the district court did not plainly err by applying the aggravating role adjustment, Barazza-Corral's argument that he qualified for a two-level mitigating role adjustment under U.S.S.G. § 3B1.2 must fail.